UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| MASTERFILE CORPORATION, | : | |
| Plaintiff, | : | **REPORT AND RECOMMENDATION** |
| -against- | : | **TO THE HONORABLE SHIRA A. SCHEINDLIN** |
| COUNTRY CYCLING & HIKING TOURS BY BROOKS, INC., d/b/a BROOKS COUNTRY CYCLING TOURS, | : | 06 Civ. 6363 (SAS)(FM) |
| Defendant. | : | |

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.   Introduction

In this copyright infringement action, plaintiff Masterfile Corporation ("Masterfile") alleges that defendant Country Cycling & Hiking Tours by Brooks, Inc., doing business as Brooks Country Cycling Tours ("Brooks"), unlawfully posted Masterfile's copyrighted photographs on a website used to advertise its cycling programs. Masterfile contends that the use of its images in this manner violated the Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. § 101, et seq.

Following Brooks' failure to respond to the complaint, Your Honor entered a default judgment and referred the matter to me for an inquest. (Docket Nos. 7-8). Thereafter, by order dated December 27, 2006, I directed Masterfile to submit its inquest papers by February 28, 2007. (Docket No. 9). The order further directed Brooks to

respond by March 14, 2007. (Id.). Both parties timely complied. (Docket Nos. 10, 15-16).[1]

For the reasons set forth below, I recommend that Masterfile be awarded judgment against Brooks in the amount of $5,980, consisting of $1,120 in statutory damages and $4,860 in attorneys' fees and costs.

II.     Standard of Review

In light of Brooks' default, Masterfile's well-pleaded allegations concerning issues other than damages must be accepted as true. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of N.Y.C. v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998).

Additionally, although a plaintiff seeking to recover damages against a defaulting defendant must prove its claim through the submission of evidence, the Court need not hold a hearing as long as it has (a) determined the proper rule for calculating damages on the claim, see Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999), and (b) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Here, as detailed below, both of these requirements are met.

---

[1] Brooks' papers consist of two letters from Gerald Brooks to the Court that are signed, but not sworn, with supporting documentation attached. As Brooks is appearing in this action pro se, the Court will deem its papers properly submitted.

III.    Facts

The allegations of Masterfile's complaint, together with the parties' inquest papers, establish as follows:

Masterfile is a stock photography company that licenses reproduction rights in images to users for a fee. (Compl. ¶ 5). Masterfile entered into contracts with four photographers pursuant to which it had the exclusive right to sublicense various copyrighted images, including the images described as "Silhouette of Couple," "Eiffel Tower at Dusk," "Maple Leaves," and "Person Cycling" ("Images"). (Decl. of Geoff Canon, dated Feb. 27. 2007 ("Canon Decl."), ¶¶ 10-15 & Exs. A-D).

Brooks is an organizer of bicycling vacations and programs which was not authorized to display the Images. (Compl. ¶¶ 6, 13). Nevertheless, from early 2002 until late 2005, Brooks displayed on its website copies of the Images which were approximately one and one-half inch wide by two inches long, a size Brooks describes as "postage stamp size." (Canon Decl. ¶ 27 & Ex. F; Letter from Gerald Brooks to the Court ("Brooks Letter I"), dated Mar. 2, 2007, Ex. 3).

Brooks removed the Images from its website promptly after receiving a letter from Masterfile informing it of its unlawful use of the Images. (Letter from Gerald Brooks to the Court, dated Mar. 6, 2007 ("Brooks Letter II")). Brooks declined, however, to pay a retroactive compliance fee of $5,880 that Masterfile sought. (Pl.'s Mem. at 4). Masterfile, in turn, rejected Brooks' offer to settle their dispute for a nominal sum. (Brooks Letter I, Ex. 2).

IV.    Discussion

    A.    Statutory Damages

Under the Copyright Act, an infringer of a copyright is liable for either the copyright owner's actual damages and any additional profits of the infringer or statutory damages. 17 U.S.C. § 504(a)(1); Brown v. Party Poopers, Inc., No. 00 Civ. 4799, 2001 WL 1380536, at *4 (S.D.N.Y. July 9, 2001). Here, Masterfile has elected to recover statutory damages. (See Pl.'s Mem. at 7). Statutory damages may be awarded:

> for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. <u>For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work</u>.

17 U.S.C. § 504(c)(1) (emphasis added). If the infringement was willful, the Court may increase the award of statutory damages to a maximum of $150,000. Id. § 504(c)(2). Likewise, if the infringer "was not aware and had no reason to believe that" its "acts constituted an infringement" the Court in its discretion may "reduce the award of statutory damages to a sum of not less than $200." Id.

The Court has broad discretion, within these statutory limits, in awarding statutory damages. Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1116 (2d Cir. 1986); Jett v. Ficara, No. 04 Civ. 9466, 2007 WL 2197834, at *7 (S.D.N.Y. June 29, 2007); Nat'l Football League v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d 458, 472 (S.D.N.Y. 2001). In determining the appropriate award, the Court may consider such

factors as "the expenses saved and profits reaped by the defendants, the revenues lost by the plaintiffs, the value of the copyright, the deterrent effect of the award on other potential infringers, and factors relating to individual culpability." Jett, 2007 WL 2197834, at *7 (citing Fitzgerald Publ'g, 807 F.2d at 1117; Getaped.com, Inc. v. Cangemi, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002); Guess?, Inc. v. Gold Ctr. Jewelry, 997 F. Supp. 409, 411 (S.D.N.Y. 1998); Schwartz-Liebman Textiles v. Last Exit Corp., 815 F. Supp. 106, 108 (S.D.N.Y. 1992)).  Ultimately, the "statutory damages should bear some relation to actual damages suffered." Van Der Zee v. Greenidge, No. 03 Civ. 8659, 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006) (quoting RSO Records, Inc. v. Peri, 596 F. Supp. 849, 862 (S.D.N.Y. 1984)).

Masterfile seeks to recover "statutory damages in the amount of $5,600 for each of the four infringements . . . for a total amount of $22,400." (Pl.'s Mem. at 7). Masterfile concedes that had Brooks sought a license, the licensing fee that it would have charged would have been only $1,120 per year for each of the four years the Images were used, or a total of $4,480.[2]  (Canon Decl. ¶ 28 & Ex. H).  Masterfile contends, however, that it is industry custom to "charge unauthorized users three to five times the amount of the applicable license fee" in order to deter unauthorized use and recover the costs associated with enforcement. (Id. ¶ 29).  Opting for the higher end of the range, Masterfile seeks to recover statutory damages in the amount of $22,400 ($4,480 x 5).

---

[2]  Masterfile's license fees are calculated in Canadian dollars. (Cannon Decl. Ex. H).  Although the exchange rate fluctuates, at the current rate (1 CAD = .997 USD) the differential between United States and Canadian dollars is insignificant.

There are several problems with Masterfile's proposed statutory damages. First, Masterfile has proceeded on the assumption that Brooks engaged in "four infringements." (Pl.'s Mem. at 7). However, the Copyright Act "unambiguously provides that a 'compilation,' although composed of 'separate and independent works,' 'constitute[s] one work' for purposes of calculating statutory damages." Country Rd. Music, Inc. v. MP3.com, Inc., 279 F. Supp. 2d 325, 332 (S.D.N.Y. 2003) (internal citations omitted) (brackets in original). Although Brooks posted four separate images on its website, Masterfile elected to register the Images with the Copyright Office as one compilation. (Cannon Decl. Ex. E). Therefore, for the purpose of calculating statutory damages, Brooks infringed only "one work." 17 U.S.C. § 504(c)(1).

Second, Brooks paid a professional web designer to design and maintain its website and had no part in the selection of the images for the site. (Brooks Letter II). Thus, Brooks had no "knowledge that [it was] using," copyrighted material until Masterfile contacted it, nor did it have any reason to believe that its acts constituted infringement. (Id.). Once Masterfile contacted Brooks, the Images were removed from its site the very next day. (Id.). This suggests that any damages awarded should be at the low end of the spectrum.

Third, Brooks is a small company with gross receipts of $12,275 in 2005 and $16,409 in 2006. (Id. (attached tax returns)). In 2005, Brooks lost nearly $5,000 on its operations; in 2006, it showed a profit of only $1,390. (Id.). Virtually all of Brooks' income was attributable to cycling programs organized for three law firms, none of which

came to Brooks via its website. (Brooks Letter I; Brooks Letter II). Accordingly, had Brooks known that there was a fee associated with its website designer's use of the Images, it is highly unlikely that it would have spent $1,120 per year for a license, rather than looking to the public domain for artwork.

Finally, Brooks' owners and officers are "semi-retired" and not actively pursuing new business for the company. (Brooks Letter II). Accordingly, a high statutory damage award is not necessary to deter Brooks from infringing Masterfile's copyrights again in the future. Nor, given the unique circumstances of this case, does it seem likely that a high award is necessary to further the goal of general deterrence.

Nonetheless, Masterfile is entitled to an award that bears some relationship to its actual damages. Accordingly, I recommend statutory damages in the amount of $1,120. Basing the award on the cost of a four-year license for only one of the Images, as opposed to four, is appropriate because Brooks (1) was not aware that its actions constituted infringement, (2) infringed only "one work" under the Copyright Act, and (3) acted appropriately once it learned of the problem.[3]

---

[3] In an effort to paint Brooks in a negative light, Masterfile alleges that Brooks "blatantly ignored [Masterfile's] retroactive license fee," "gave no indication of any willingness to comply with the copyright laws," and "ignored, or simply elected to become unavailable to participate in, this proceeding." (Pl.'s Mem. at 9). In fact, Brooks promptly removed the offending Images, offered to pay the sum of $1,000 to resolve this suit, and unsuccessfully sought to have its insurance carrier participate in its defense. (Brooks Letter I). Brooks' decision to default is not surprising in light of its financial situation, lack of coverage, and apparent inability to assert any colorable defense.

B.      Costs and Attorneys' Fees

The Copyright Act provides that a "court in its discretion may allow the recovery of full costs [and] a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505; see Fogerty v. Fantasy, Inc., 510 U.S. 517, 523 (1994). In determining the appropriate amount of costs and fees, a court may consider such factors as "'frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence.'" Pearson Educ., Inc. v. Tjiptowidjojo, No. 06 Civ. 6071, 2007 WL 2872439, at *1 (S.D.N.Y. Sept. 28, 2007) (quoting Fogerty, 510 U.S. at 535 n.19). Notwithstanding these factors, because "the Copyright Act intended to encourage suits to redress infringement, 'fees are generally awarded to a prevailing plaintiff.'" N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d 250, 254 (2d Cir. 1992) (quoting Roth v. Pritikin, 787 F.2d 54, 57 (2d Cir. 1986)).

When fixing a reasonable rate for attorneys' fees, courts should consider "what a reasonable, paying client would be willing to pay," Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112 (2d Cir. 2007), and apply the prevailing market rates for attorneys of similar expertise providing comparable services. Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998). The court may also rely on its own knowledge of private firm hourly rates. Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

Second Circuit precedent requires a party seeking an award of attorneys' fees to support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Fee applications that do not contain such supporting data "should normally be disallowed." Id. at 1154; see also Kingvision Pay-Per-View, Ltd. v. The Body Shop, No. 00 Civ. 1089, 2002 WL 393091, at *5 (S.D.N.Y. Mar. 13, 2002).

It was reasonable for Masterfile to bring this suit once Brooks declined to settle for anything greater than a nominal sum. Accordingly, even though Brooks itself may not have infringed Masterfile's copyrights willfully, Masterfile is entitled to recover its reasonable attorneys' fees and costs.

In prosecuting this action, Masterfile engaged the services of Cowan, DeBaets, Abrahams & Sheppard LLP ("Cowan, DeBaets"), a well-recognized firm in the intellectual property field. Masterfile has submitted the declaration of Zehra J. Abdi, the Cowan, DeBaets associate who spent the most time on this case, setting forth: (a) her professional experience; (b) the professional experience of Nancy E. Wolff, the partner who worked on the case; (c) to the tenth of an hour, the time devoted to each particular task and the nature of the work; and (d) the rate at which each task was billed. (Decl. of Zehra J. Abdi, dated Feb. 28, 2007 ("Abdi Decl."), ¶¶ 10-12 & Ex. E; Supp. Decl. of Zehra J. Abdi ("Abdi Supp. Decl."), dated Apr. 9, 2007). Cowan, DeBaets billed Masterfile for its time at hourly rates of $320 for Ms. Wolff and (depending on the time

period) either $100 or $135 for Ms. Abdi. These rates are reasonable for counsel in a copyright case in this District. See, e.g., Van Der Zee, 2006 WL 44020, at *4 (rates of $150 to $350 per hour were reasonable in copyright infringement suit); Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp., No. 04 Civ. 5002, 2005 WL 2063819, at *4 (S.D.N.Y. Aug. 24, 2005) (awarding $395 to $485 per hour for partners and $180 to $265 per hour for associates under 17 U.S.C. § 505); Arclightz & Films Pvt. Ltd. v. Video Palace Inc., 303 F. Supp. 2d 356, 363 (S.D.N.Y. 2003) (hourly rates between $100 and $375 were reasonable in copyright infringement suit). Although Ms. Abdi also handled certain tasks more appropriately performed by a paralegal, I have not reduced the rate to be recovered for her time because both of her rates would have been reasonable rates for a paralegal. See Heng Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (rates of $50 to $150 per hour are reasonable for paralegals of varying experience); Sheehan v. Metro. Life Ins. Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) ($150 per hour is a reasonable rate for a paralegal); Yurman Designs Inc. v. PAJ, Inc., 125 F. Supp. 2d 54, 55-56 (S.D.N.Y. 2000) ($162.35 rate for paralegals reasonable in this District).

Turning to the time actually expended, I find that the hours claimed by counsel are reasonable for the tasks performed.[4] I also find that the costs claimed by

---

[4] There is one mercurial entry for time devoted to "procedures going love," which I assume is a transcription error. (See Abdi Decl. Ex. E at 10).

Masterfile are reasonable.  Indeed, Masterfile has not sought to recover any sums for copying costs.

I therefore recommend that Masterfile be awarded attorneys' fees and costs in the amount of $4,860, consisting of fees of $4,430 and costs of $430.[5]

C. <u>Permanent Injunction</u>

Masterfile also seeks an injunction permanently enjoining Brooks from engaging in any future infringements of Masterfile's copyrights.  (Pl.'s Mem. at 11).  A court may issue an injunction when the moving party establishes that "(1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction."  <u>Pitbull Prods., Inc. v. Universal Netmedia, Inc.</u>, No. 07 Civ. 1784, 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 7, 2007) (quoting <u>Kingvision Pay-Per-View Ltd. v. Lalaleo</u>, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006)).  To satisfy the second condition, "a party seeking a[n] . . . injunction must demonstrate irreparable harm and the absence of an adequate remedy at law."  <u>Id.</u> (quoting <u>Kingvision</u>) (brackets in original).  In copyright actions, permanent injunctions generally are granted when there is "a threat of continuing violations."  <u>Warner Bros. Entmt. Inc. v. Carsagno</u>, No. 06 Civ. 2676, 2007 WL 1655666, at *5 (E.D.N.Y. June 4, 2007).

The first condition is satisfied here because the Copyright Act provides that the Court may "grant . . . final injunctions on such terms as it may deem reasonable to

---

[5] Masterfile contends that its total fees and costs amount to $4,524.  (Abdi Suppl. Decl. ¶ 5).  However, the Cowan, DeBaets billing records confirm that the proper amount is $4,860.

prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Moreover, by virtue of its default, Brooks has admitted that it infringed the copyright for the Images. However, Masterfile cannot meet the second condition because it has failed to demonstrate that Brooks will continue to violate its copyrights. Indeed, it appears to be undisputed that the owners and officers of Brooks are semi-retired, and that they promptly removed the Images from its site within days of learning that Masterfile had a copyright. (Brooks Letter II). In these circumstances, there is no basis for the issuance of a permanent injunction. See Caffey v. Cook, 409 F. Supp. 2d 484, 510 (S.D.N.Y. 2006) (denying permanent injunction in absence of any evidence of a continuing threat of infringement); Dolori Fabrics, Inc. v. Limited, Inc., 662 F. Supp. 1347, 1358 (S.D.N.Y. 1987) (same).

V.     Conclusion

For the reasons set forth above, Masterfile should be awarded judgment against the defendants in the amount of $5,980, consisting of $1,120 in statutory damages, $4,430 in attorneys' fees, and $430 in costs.

VI.    Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties are hereby directed that if they have any objections to this Report and Recommendation, they must within ten days from today, make them in writing, file them with the Clerk of the Court, and send copies to the chambers of the Honorable Shira A. Scheindlin, United States District Judge, and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, New York,

10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

Dated:   New York, New York
         January 31, 2008

                                   _____
                                   FRANK MAAS
                                   United States Magistrate Judge

Copies to:

Nancy E. Wolff, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
Fax: (212) 974-8474

Gerald Brooks
Brooks Country Cycling Tours
95 West 95th Street, 27A
New York, New York  10025